```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
UNITED STATES OF AMERICA,            :       11cr29(DLC)
                                     :
          -v-                        :       MEMORANDUM OPINION
                                     :           AND ORDER
JOSE LUIS MORALES,                   :
                    Defendant.       :
                                     :
-------------------------------------X
```

DENISE COTE, District Judge:

On November 4, 2011, the defendant was sentenced principally to a term of imprisonment of 121 months. A mandatory minimum sentence of 120 months' imprisonment was also imposed. The conviction was affirmed on appeal on December 11, 2012. No habeas petition was filed.

As of October 2015, the defendant had not yet filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and a 2014 amendment to the U.S. Sentencing Guidelines (Amendment 782) which allowed in certain instances a two level offense level adjustment downward for specified quantities of narcotics. In an October 23, 2015 Order, this Court appointed counsel to represent the defendant, set out a briefing scheduling, and observed that the defendant appeared to be eligible for a sentence reduction. On December 15, the schedule for a defense motion was extended to January 22, 2016. No motion was filed at that time.

On November 21, 2017, the defendant filed a pro se application for a sentence reduction, asserting that he had come

to understand that his counsel had abandoned his case and never filed the motion for a sentence reduction. He requests a sentence of between 87 and 97 months' imprisonment, that the fine imposed at sentence be voided, and that he be reimbursed the $1,125 he has already paid towards that fine.

First, the defendant contends that the mandatory minimum sentence of 120 months' imprisonment should be ignored because he meets the criteria for the "safety valve." Even if a sentence below the mandatory minimum sentence of 10 years were allowed by Amendment 782, and it is not, Morales is not eligible for a safety valve sentence. See 18 U.S.C. § 3553(f); U.S.S.G. § 1B1.10. At the sentencing proceeding of November 4, 2011, the Court explained the safety valve provision of the law to the defendant and the defendant declined the opportunity to show that he was eligible for the safety valve. In particular, he refused to make a safety valve proffer to the U.S. Attorney, taking the position that he was not guilty of the crimes for which a jury had convicted him.

The defendant asserts that he is being unjustly penalized for his decision to go to trial and to maintain his innocence after trial. Not so. As the Court explained at the sentencing proceeding, he was still entitled before sentencing to take advantage of the safety valve provision of the law and make a safety valve proffer to the Government. The Court also explained that the Government would not be the ultimate arbiter of his truthfulness in that proffer. If the parties disagreed, then the

issue of his truthfulness could be litigated in court.  The defendant's request for a sentence below the mandatory minimum sentence of 120 months' imprisonment is therefore denied.[1]  Any claim that the Court wrongfully withheld a safety valve sentencing adjustment to the defendant had to be brought as part of the defendant's direct appeal of his conviction.  No such argument was made on appeal.

Next, the defendant contends that the $17,500 fine imposed at sentence was unconstitutional.  Amendment 782 does not permit a retroactive adjustment of fines.  Any claim that the fine was illegal had to be brought as part of the direct appeal from the conviction.  No such argument was made on appeal.

## Conclusion

The November 21, 2017 motion by Jose Luis Morales for resentencing is denied.  In addition, Morales has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge

---

[1] The defendant does not request a reduction in sentence from 121 months to 120 months' imprisonment.

v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.


Dated:    New York, New York
          July 13, 2018

                              _____
                                    DENISE COTE
                              United States District Judge

COPY MAILED TO:

Jose Luis Morales, #64490-054

FCI Miami - Federal Correctional Institution

P.O. Box 779800

Miami, FL 33177